# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4375 | **DATE** | 9/24/2003 |
| **CASE TITLE** | Eisenmann Corporation vs. Tek-Mor, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant has consented to personal jurisdiction and venue in the Northern District of Illinois. Alternatively, this Court's exercise of personal jurisdiction over Defendant is proper because Defendant, through their relationship with Plaintiff, has purposefully availed themselves of the privileges of conducting business in Illinois such that suit in Illinois is foreseeable. Accordingly, the court denies Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2). Defendant is ordered to file an answer within fourteen (14) days of the date of this order. Status hearing date of 10/1/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EISENMANN CORPORATION, )
)
Plaintiff, )
)
v. ) No. 03C4375
) Paul E. Plunkett, Senior Judge
TEK-MOR, INC., )
)
Defendant. )

DOCKETED
SEP 2 5 2003

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Federal Rules of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, the motion is denied.

### Facts

The following facts are undisputed unless otherwise noted. Eisenmann Corporation ("Plaintiff") is an Illinois corporation with its principal place of business in Crystal Lake, Illinois. (Pl.'s Compl. ¶ 1.) Tek-Mor, Inc. ("Defendant") is a corporation organized under the laws of Canada whose principal place of business is in Bolton, Ontario, Canada. (Pl.'s Compl. ¶ 2.)

Defendant was hired by Toyota Tsusho Canada, Inc. to engineer and install paint booths and a plastic parts painting system at a Toyota facility in Cambridge, Ontario. (Pl.'s Compl. ¶ 3.) In order to fulfill this project's requirements, Plaintiff solicited bids from various subcontractors, including Defendant. Plaintiff accepted the bid of Defendant who was to perform the sheet metal work for the

-1-



Toyota project. (Pl.'s Compl. ¶ 13.) Plaintiff's complaint alleges several causes of action arising out of the alleged breach of contract. Plaintiff filed its complaint in Cook County and Defendant removed the case to this Court on grounds of diversity. 28 U.S.C. § 1441, 1446. Defendant moves to dismiss the case for lack of personal jurisdiction. Fed. R. of Civ. P. 12(b)(2).

### **The Legal Standard**

A federal district court sitting in diversity has personal jurisdiction over a non-resident only if a court of the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1358 (7th Cir. 1996).

Where a defendant challenges a court's right to exercise personal jurisdiction over him, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Steel Warehouse, Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). However, the plaintiff "need only make out a prima facie case of personal jurisdiction." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 715 (7th Cir. 2002) (citing Tobin v. Illinois Bd. of Elections, 268 F.3d 517, 521 (7th Cir. 2001)). In determining whether jurisdiction exists, the court may consider the pleadings as well as any affidavits and documents submitted by the parties. Turncock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987). If these materials reveal factual disputes, those disputes are to be resolved in favor of the plaintiff. Nelson v. Park Indus., Inc., 717 F.2d 1120, 1123 (7th Cir. 1983).

Under Illinois law, the long-arm statute permits *in personam* jurisdiction over a party to the extent allowed under the due process clause of the Fourteenth Amendment. 735 ILCS 5/209(c); Vioski v. Calaveras Asbestos, Ltd., 929 F.2d 352, 353 (7th Cir. 1991). Federal due process demands

that a court exercise personal jurisdiction over a non-resident only if the defendant has "certain minimum contacts with [Illinois] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L.Ed 95, 66 S. Ct. 154 (1945) (citations omitted). The exercise of personal jurisdiction must also be consistent with the Illinois Constitution's "separate and independent" guarantee of due process. Rollins v. Ellwood, 141 Ill.2d 244, 565 N.E.2d 1302,1316 (Ill. 1990). It must be "fair, just and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Id. Application of this standard depends upon whether a plaintiff asserts "general" or "specific" jurisdiction.[1] RAR, 107 F.3d at 1277.

For specific jurisdiction, the court must consider whether the defendant has "'purposefully established minimum contacts with the forum State' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." RAR, 107 F.3d at 1277 (quoting Burger King Corp. v. Rudzewicz, 417 U.S. 462, 476-77, 85 L.Ed2d 528, 105 S. Ct. 2174 (1985)). That the defendant has "purposefully availed itself of the privilege of conduct activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp., 471 U.S. at 475 (quotations omitted). Furthermore, the court must determine that

---

[1] A defendant is subject to general jurisdiction in Illinois only when it is either domiciled in Illinois, or "where the defendant has 'continuous and systematic general business contacts with the forum.'" Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F.Supp 2d 824,833 (N.D. Ill. 2000); RAR, Inc., 107 F.3d at 1277 (quoting: Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 80 L.Ed 2d 404, 104 S. Ct. 1868 (1984)) (internal quotations omitted). Although Plaintiff does not specify whether they seek general or specific jurisdiction, Plaintiff does not present an argument supporting general jurisdiction nor do the facts of the case suggest that general jurisdiction over Defendant is available.

the defendant "should reasonably anticipate being haled into court [in the forum state]," based on his contacts with the forum state. RAR, 107 F.3d at 1277 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L.Ed. 2d 490, 100 S. Ct. 559 (1980)).

## Discussion

In specific jurisdiction questions arising in contract claims, a court may only consider the dealings between the parties with respect to the alleged contract. RAR Inc., 107 F.3d at 1278. That is, an out-of-state defendant's contract with an Illinois plaintiff is insufficient alone to establish the requisite minimum contacts. Burger King, 471 U.S. at 478. "Rather, 'prior negotiation and contemplated future consequences, along with the terms of the contracts and the parties' actual course of dealing' must indicate the purposeful availment that makes litigating in the forum state *foreseeable* to the defendant. RAR Inc., 107 F.3d at 1277 (quoting Burger King, 471 U.S. at 479) (emphasis added).

Consent to suit in a particular forum is an independent ground for the exercise of personal jurisdiction, separate and distinct from any personal jurisdiction based on a minimum contacts analysis. Burger King, 471 U.S. at 473 n.14. Under the terms of the contact, Defendant expressly consented to the jurisdiction of the Northern District of Illinois:

> Should it become necessary for any party to this contract to seek the assistance of legal counsel to enforce any part of this subcontract or to maintain or defend any cause of action or arbitration arising out of this contract, venue is agreed to be in Chicago, Illinois, and the prevailing party shall be entitled to recover from the losing party all costs and expenses reasonably incurred, including, but not limited to, attorney's fees . . . .

(Emphasis added.) (Pl.'s Mem. Opp'n. Def.'s Mot. Dismiss, Ex. C. ¶ 33). The Seventh Circuit has repeatedly held that forum selection clauses are binding on the parties. Omron Healthcare Inc. v. Maclaren Exp. Ltd., 28 F.3d 600 (7th Cir. 1994); Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372 at 378 (7th Cir. 1990). Parties may consent in advance to submit their controversies to a particular forum. Heller Fin., Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1290 (7th Cir. 1989).

Assuming the existence of a contract between the parties, Defendant agreed that Illinois law would govern their relationship with Plaintiff. "This order is to be construed according to the laws of Illinois from which this order issued." (Pl.'s Mem. Opp'n. Def.'s Mot. Dismiss, Ex. B ¶ 27.) For its part, Defendant points to a provision in the General Terms and Conditions which states that the contract shall be construed to the laws of the state in which the project is located. (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss, Ex. B. ¶ 27.) However, "[a] federal court sitting in diversity looks to the conflict-of-laws rules in the state in which it sits to chose the substantive law applicable to the case." Massachusetts Bay. Ins. Co. v. Vic Koeing Leasing, Inc., 136 F.3d 1116, 1122 (7th Cir. 1998) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 85 L.Ed. 1477, 61 S. Ct. 1020 (1941). Therefore, upon the proper application of the Illinois conflict-of-law rules, if need be, this Court is equally capable of applying Ontario law to the dispute. A choice of law provision is hardly determinative of venue.

Moreover, even if the forum-selection clause was not controlling, this Court would still have personal jurisdiction over Defendant. Defendant claims the forum selection clause is the product of unequal bargaining power and should therefore be unenforceable. However, the Court is not persuaded by this argument. Defendant is not a widow or orphan but a sophisticated company which has signed many contracts in the course of its business dealings. Additionally, Defendant asserts,

it is a Canadian company who may not have understood the contract provisions. (Br. Supp. Def.'s Mot. Dismiss at 14.) This, too, is unpersuasive because a fundamental principal of contract law is that a person who signs a contract is presumed to know its terms and consents to be bound by them. See Paper Express, Ltd. v. Pfanknoch Maschinen, 972 F.2d 753, 757 (7th Cir. 1992).

Although Defendant alleges having "no contacts whatsoever with the state of Illinois [and] all contact with Plaintiff took place either in Ontario or via mail or telephone conversation," (Br. Supp. Def.'s Mot. Dismiss at 7) its physical absence from the state is not determinative of jurisdiction. See Heritage House Rest. Inc. v. Cont'l Funding Group Inc., 906 F.2d 276, 283 (7th Cir. 1990). Additionally, though Plaintiff may have solicited Defendant in Ontario to operate as a subcontractor for Plaintiff in Ontario, Plaintiff and Defendant conducted negotiations both in Illinois and Ontario via, fax e-mail and mail. (Ringmann Aff. ¶¶ 4,5.) A relationship "naturally based on telephone and mail contacts rather than physical presence...should not [allow Defendant to] avoid jurisdiction based on that distinction." Heritage House Rest., Inc., 906 F.2d at 283.

Significantly, as part of this relationship, Plaintiff and Defendant were in regular contact sending each other schedules, revised schedules, recovery plans, as well as, other communications concerning the contract and its performance. Furthermore, Defendant submitted to Plaintiff an additional quote for work on a proposed phase two of the project for which Defendant was subsequently hired to complete as well. (Pl.'s Compl. ¶¶ 8-27.) Courts have often held that an ongoing relationship between the parties is especially significant in making a personal jurisdiction determination. See U.S. Gypsum Co. v. All Tank Sales & Supply Co., 977 F.Supp. 1340 at 1343 (citing Heritage House Rest, 906 F.2d at 284 (7th Cir. 1990)); H&V Silver Mine, Inc. v. Cohen, No. 96 C 3550, 1997 WL 639229, at *3 (N.D. Ill. Oct. 6 1997) (citing Daniel v. Hartwig Assoc., Inc. v.

Kanner, 913 F.2d 1213, 1219 (7th Cir. 1990)); Heller Fin., Inc. v. Summit Bank, No. 91 C 7576, 1992 WL 178651, at *8 (N.D. Ill. Jul. 15, 1992). "If the relationship between the parties is such that the defendant should reasonably anticipate being haled into court in the forum state, then the minimum contacts requirement is satisfied." Plymouth Tube Co. v. O'Donnell, No. 95 C 0277, 1995 WL 387595, at *3 (N.D. Ill. Jun. 28, 1995) (citing FMC Corp. v. Varonos, 892 F.2d 1308, 1313 (7th Cir. 1990)). Because of their on going relationship with Plaintiff, Defendant could reasonably anticipate suit in Illinois. See id; see also Fel-Pro, Inc., No. 92 C 6954, 1993 WL 413972, at *3,4 (N.D. Ill. Oct. 15, 1993) (noting the significance of an ongoing relationship because such a relationship provides defendants with notice of potential liability in Illinois). Accordingly, this Court denies Defendant's motion to dismiss for lack of personal jurisdiction.[2]

---

[2] In light of the fact this Court had found that Defendant has consented to personal jurisdiction in Illinois, this Court need not consider Defendant's proposed 6 point test for finding personal jurisdiction as described in Liberty Mutual Fire, Ins. Co. v. Reimer Express Enter. Ltd., 82 F. Supp 2d 887, 889 (N.D. Ill. 2000).

## Conclusion

For the purposes of this motion, Defendant has consented to personal jurisdiction and venue in the Northern District of Illinois. Alternatively, this Court's exercise of personal jurisdiction over Defendant is proper because Defendant, through their relationship with Plaintiff, has purposefully availed themselves of the privileges of conducting business in Illinois such that suit in Illinois is foreseeable. Accordingly, the court denies Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2). Defendant is ordered to file an answer within fourteen (14) days of the date of this order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 9-24-03