Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4375 | **DATE** | 2/3/2004 |
| **CASE TITLE** | EISENMANN CORP. vs. TEK-MOR, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant, Tek-Mor's motion to dismiss or stay based on pending foreign litigation is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 0 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 71 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EISENMANN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 4375 |
| ) | Paul E. Plunkett, Senior Judge |
| TEK-MOR, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The case is before the Court on Tek-Mor's motion to dismiss or stay based on pending foreign litigation. For the reasons set forth below, the motion is denied.

## Background[1]

Plaintiff Eisenmann was hired by Toyota Tsusho Canada, Inc. to engineer and install paint booths and a plastic parts painting system at a Toyota facility in Ontario, Canada. Following a bid process, Eisenmann hired Tek-Mor to perform the sheet metal work for the project. Tek-Mor was subsequently awarded additional work at the Toyota plant.

As of March 31, 2003, Tek-Mor was owed in excess of $1,000,000.00 by Eisenmann for its work at the Toyota plant. On April 24, 2003, Tek-Mor filed a lien pursuant to the Ontario

---

[1] Only a summary of relevant facts is provided here.

-1-

Construction Lien Act ("Ontario Lien Act"). The lien identified Eisenmann as the contractor and Toyota as the property owner and was served upon both Eisenmann and Toyota by letter dated May 1, 2003. In accordance with the Ontario Lien Act, Tek-Mor filed a statement of claim against Eisenmann and Toyota in the Ontario Superior Court of Justice on May 29, 2003. Eisenmann appeared in the Ontario action and filed a statement of defence.

Before Tek-Mor filed its statement of claim against Eisenmann in Ontario, but after it served Eisenmann with notice of the lien, Eisenmann filed a complaint against Tek-Mor in Cook County Circuit Court, alleging breach of contract and other common law violations. In its complaint, filed May 6, 2003, Eisenmann alleges that Tek-Mor did not complete its work at the Toyota plant in a timely manner and, as a result of the delay, Eisenmann has suffered injuries and damages. Tek-Mor removed the action to federal court in June 2003.

Tek-Mor now requests that this Court dismiss or stay this action pending resolution of the action in Ontario. Tek-Mor advances three theories in support of its motion: (1) the doctrine of forum non conveniens; (2) the *Colorado River* abstention doctrine; and (3) general principles of comity. Eisenmann opposes Tek-Mor's motion, arguing *inter alia* that a valid forum selection clause, which states that, in the event of a contract dispute, "venue is agreed to be in Chicago, Illinois," clearly indicates Tek-Mor's consent to resolve any dispute in an Illinois forum.

**Discussion**

1. *Forum Non Conveniens*

The traditional forum non conveniens analysis, articulated by *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997),[2] is not applicable in this case because the parties have agreed, through a forum selection clause, that contractual disputes will be resolved in Chicago, Illinois. *See Eisenmann Corp. v. Tek-Mor, Inc.*, No. 03 C 4375 (Order dated Sept. 24, 2003).[3] In such a case, a forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Bonny v. The Society of Lloyd's*, 3 F.3d 156, 159 (7th Cir. 1993) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Forum selection clauses are "unreasonable under the circumstances" if they were agreed to as a result of fraud, undue influence or unequal bargaining power, if the selected forum is so "gravely difficult and inconvenient" as to deprive the complaining party of "its day in court" or if enforcement of the clause would "contravene a strong public policy of the forum in which the suit is brought." *Id.* at 160 (internal citation omitted). In order to succeed on its motion the basis of forum non conveniens, Tek-Mor must demonstrate one of the three factors set forth in *Bonny*. *See AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 526 (7th Cir. 2001). We find that Tek-Mor has not done so.

Tek-Mor argues that enforcing the forum selection clause will deprive it of its day in court because it would be inconvenient and costly to defend this action in Illinois. The dispute involves

---

[2] The traditional analysis involves a two-step inquiry. First, the court determines whether an adequate alternative forum is available to hear the case. If so, the court then balances the public and private interests. *Id.* at 802-04.

[3] We note that Tek-Mor objects to our finding of a valid forum selection clause.

-3-

a construction project in Ontario and all witnesses are located in Ontario and beyond the reach of this Court's subpoena power, says Tek-Mor, and even if witnesses are willing to appear voluntarily, Tek-Mor's costs in producing these witnesses will be prohibitive. In contrast, Tek-Mor points out that it, Eisenmann and Toyota are all subject to jurisdiction in Ontario.[4] Thus, argues Tek-Mor, even in light of the forum selection clause, a dismissal or stay under the doctrine of forum non conveniens is warranted.

Tek-Mor's argument is unpersuasive. It has a "heavy burden of proof" to show that it will be deprived of its day in court. *Quist v. Empire Funding Corp.*, 1999 WL 982953, at *3 (N.D. Ill. Oct. 22, 1999). Additional expense alone is not enough to invoke the doctrine of forum non conveniens under these circumstances. *See Paper Express Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 758 (7th Cir. 1992) (rejecting argument that forum selection clause requiring litigation in Germany is unreasonable even though witnesses and physical evidence located in Illinois). Nor does the fact that witnesses may be located in a foreign jurisdiction mean that a party will be deprived of his day in court. *See id.* at 758; *Karlberg European Tanspa, Inc. v. JK-Josef Kratz Vertrielbsgesellschaft MBH*, 618 F. Supp. 344, 348-49 (N.D. Ill. 1985). Flights between certain cities in Ontario, Canada and Chicago, Illinois are frequent, of short duration and relatively inexpensive. Moreover, enforcement of forum selection clauses in international contracts is strongly favored. *See Bonny*, 3 F.3d at 159-60. Any burden of litigating in Illinois was foreseeable at the time Tek-Mor entered into its relationship with Eisenmann on the Toyota project. *See AAR Int'l, Inc.*, 250 F.3d at 526 (inconvenience of being forced to litigate in particular forum pursuant to forum

---

[4] Tek-Mor also argues that the law governing this case is Ontario law, another factor favoring dismissal or stay of the Illinois action. Eisenmann argues that it is Illinois law that governs the dispute. The issue is not dispositive as this Court is capable of applying either jurisdiction's law.

selection clause was foreseeable at time contract freely entered into); *Paper Express, Ltd.*, 972 F.2d at 758 (additional expense involved in litigation in foreign country was included in consideration received under contract).

The two district court cases Tek-Mor cites in support of its argument, *Pyrenee, Ltd. v. Wocom Commodities, Ltd.*, 984 F. Supp. 1148 (N.D. Ill. 1997) and *ISI Int'l, Inc. v. Borden Ladner Gervais, LLP*, 2001 WL 1382572 (N.D. Ill. Nov. 5, 2001), involved the traditional forum non conveniens analysis and are not on point. In each case there was apparently no forum selection clause which mandated the application of the stricter standards articulated in *Bonny*. When enforcing a forum selection clause freely entered into by sophisticated parties with equal bargaining power, the inquiry is limited to whether the objecting party would be deprived of his day in court. *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (noting differences in evaluating motion for change of venue and enforcement of forum selection clause). Tek-Mor has not established that litigating this case in Illinois would be "so gravely difficult and inconvenient that, for practical purposes, he will be deprived of his day in court." *Quist*, 1999 WL 982953, at *3.

2. *Abstention Pursuant to the* Colorado River *Doctrine*

In the alternative, Tek-Mor argues that the *Colorado River* abstention doctrine provides a basis to stay this action. The doctrine is taken from the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The *Colorado River* abstention doctrine permits a district court, under exceptional circumstances, to abstain from hearing a suit and "await the outcome of parallel proceedings as a matter of wise judicial administration." *See AAR Int'l, Inc.*, 250 F.3d at 517 (internal quotations and citations omitted). The doctrine of abstention

is "an extraordinary and narrow exception to the duty of a [d]istrict [c]ourt to adjudicate a controversy properly before it" and may be invoked only in certain exceptional circumstances where it would "clearly serve an important countervailing interest." *Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero*, 18 F. Supp. 2d 921, 924 (N.D. Ill. 1998) (quoting *International College of Surgeons v. City of Chicago*, 153 F.3d 356, 359 (7th Cir.1998)). Tek-Mor, as the party requesting abstention, "bears the heavy burden of showing that abstention is warranted." *Id.* (internal citations omitted). While the *Colorado River* case concerned a concurrent state proceeding, the general principles that govern the application of the doctrine also apply with respect to proceedings in a foreign court. *See Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999).

First, we must determine whether this suit is parallel to the Ontario action. A suit is "parallel" when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). The suits need only be parallel and not identical. *Morton College Bd. of Trustees of Illinois Community College Dist. No. 527*, 18 F. Supp. 2d at 924 (internal citation omitted). "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc.*, 250 F.3d at 518 (internal quotation and citation omitted).

If the two actions are parallel, we then determine whether exceptional circumstances exist to surrender jurisdiction. In doing so, we consider the following factors:

> (1) the identity of the court that first assumed jurisdiction over the property; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action

protects the federal plaintiff's rights; (7) the relative progress of the federal and foreign proceedings; and (8) the vexatious or contrived nature of the federal claim.

*Finova*, 180 F.3d at 898-99 (citing *Colorado River*, 424 U.S. at 818). None of the above factors is dispositive. *See Colorado River*, 424 U.S. at 818. Tek-Mor has a considerable burden to establish that abstention is warranted. *See Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1157-58 (7th Cir. 1990) ("balance is heavily weighted in favor of the exercise of federal jurisdiction").

The parties dispute whether the two cases are parallel. We find that they are not. The parties to the proceedings before us are Eisenmann and Tek-Mor; the parties in the Ontario action are Eisenmann, Tek-Mor and Toyota. Toyota's absence from the proceedings before us does not preclude a finding that the parties in the two proceedings are substantially the same. *See Spizzirri v. Mortgage Elec. Registration Sys., Inc.*, 2003 WL 21640468, at *2 (N.D. Ill. July 11, 2003) (citing *AAR Int'l In.c*, 250 F.3d at 518). However, although the two cases stem from the same project and involve some of the same issues, we cannot say that there is a substantial likelihood that the Ontario action "will dispose of all claims presented in the federal case." *AAR Int'l Inc.*, 250 F.3d at 518.

At issue in each suit is the contract that exists between Tek-Mor and Eisenmann and the parties' performance thereunder with respect to timeliness of work product, overtime documentation and payment. But Eisenmann's suit against Tek-Mor now in federal court involves claims independent of the foregoing matters and which were not raised by Eisenmann in the statement of defence it filed in the Ontario court: claims for defamation, fraud in the inducement and interference with business relations, for example. *See AAR Int'l, Inc.*, 250 F.3d at 520 (claim may be "injected" into foreign litigation by way of defense or counterclaim). These claims involve different facts from the facts involved in the Ontario action and as a result, the Ontario court may not reach the issue of Tek-Mor's liability to Eisenmann under these claims. Tek-Mor's suit against Eisenmann (and

Toyota) was filed pursuant to the Ontario Lien Act and it has not been made clear to us that all of Eisenmann's claims against Tek-Mor will be (or even can be) resolved by the Ontario court in an action filed pursuant to this statute.[5] Given that any doubt regarding the parallel nature of the foreign suit should be resolved in favor of exercising jurisdiction, we find that the suits are not parallel. *Id.*

Even if we were to find that the suits were parallel, Tek-Mor has not demonstrated the appropriateness of abstention in this case. *See Finova*, 180 F.3d at 898 (when considering abstention, "exceptional nature of measure" should be kept in mind). In balancing the eight factors listed above, we find that none weighs heavily in favor of abstention. The first consideration tips the balance slightly in favor of abstention. The Ontario action involves a lien on property located in Ontario. The lien was filed in April 2003; Eisenmann's complaint was filed in May 2003. But there is no real conflict because Eisenmann's complaint does not involve real property and the Ontario action arises from a contract dispute. None of the other factors supports a decision to abstain. We found previously that Tek-Mor consented to an Illinois forum and although it has argued that the property and witnesses are all located in Ontario, these facts do not demand abstention. Avoiding piecemeal litigation is an important consideration, but we already found that certain claims filed in the federal action may not be adjudicated by the Ontario court, thus diminishing any gains in judicial economy derived from abstention. *See Schneider Nat'l Carriers, Inc.*, 903 F.2d at 1158 (having two active lawsuits instead of one is not enough to justify abstention).

The fourth and fifth considerations do not weigh in favor of abstention. The parties dispute which action was filed first; Tek-Mor arguing that it is the filing of the lien that matters, Eisenmann

---

[5] We note that in its statement of defence, Eisenmann has challenged the validity of Tek-Mor's lien under the Ontario Lien Act. We have no information about the survivability of this litigation in the Ontario courts should the determination be made that the lien is invalid.

arguing that it is the initiation of an action in court that matters. In either case, we would reach the same conclusion. The filing of the lien, the filing of Eisenmann's complaint and the filing of Tek-Mor's statement of claim all occurred within one month, an amount of time which does not render this factor particularly meaningful. The parties also disagree as to the governing law – Illinois or Ontario – each citing a different clause from among the many documents that defined their relationship. However, as we noted in our September 24, 2003 Order, we are capable of applying Ontario law to the dispute. *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 732 (7th Cir. 2003) (in forum non conveniens case, district judge can, and in some cases should, learn and apply Canadian law).

Similarly, none of the final three considerations weighs in favor of abstention. While we have no reason to believe that Eisenmann's rights with respect to the claims adjudicated by the Ontario courts are in jeopardy, as previously discussed, we cannot be certain that all of the issues presented in the two suits will be addressed by the Ontario court. Both suits were initiated at approximately the same time, and we have no evidence that suggests the Ontario action has progressed to the point where abstention makes sense. Finally, nothing suggests that Eisenmann filed its complaint to annoy or harass Tek-Mor. Balancing the factors articulated in *Finova*, Tek-Mor has not shown that abstention under the *Colorado River* doctrine is warranted.

3. *General Principles of Comity*

Finally, Tek-Mor argues that this action should be dismissed or stayed under general principles of comity. "The doctrine of comity is based on the principle that recognition by domestic courts of the decisions of foreign tribunals fosters international recognition and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expecta-

tions." *Ensign-Bickford Co. v. ICI Explosives USA Inc.*, 817 F. Supp. 1018, 1031-32 (D. Conn. 1993) (internal quotations and citations omitted). "The general rule of comity is that the domestic court should exercise jurisdiction concurrently with the foreign court." *Madanes v. Madanes*, 981 F. Supp. 241, 263 (S.D.N.Y. 1997) (citing *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir.1987)). Because a final decision has not been rendered in the Ontario action, "surrender of jurisdiction is justified only under exceptional circumstances." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983)).

Tek-Mor argues that, because the Ontario action and the action before us involve substantially the same issues, judicial economy would be best served by dismissing this action, or, in the alternative, issuing a stay. In addition, argues Tek-Mor, if the two suits are allowed to progress concurrently, there is a risk of contradictory rulings and significant prejudice to Tek-Mor. Eisenmann emphasizes the extraordinary nature of the relief Tek-Mor seeks and argues that Tek-Mor has not established the exceptional nature of this case to warrant a dismissal or stay. We agree that Tek-Mor has not made a showing that exceptional circumstances warrant a dismissal or stay according to the principles of international comity.

Essential to our surrender of jurisdiction is a finding that the parties and issues in both actions are sufficiently similar. *Id.* at 264. As we discussed previously, that is not the case here. The Ontario action is a lien action brought pursuant to Ontario statute where Tek-Mor essentially argues a breach of contract claim – it provided labor and materials and has not been paid. Eisenmann's complaint alleges a breach of contract claim. But Eisenmann's complaint also contains allegations that are not part of the Ontario action and the resolution of those issues involves different factual findings from those expected to be made in the Ontario action.[6] The cases cited by Tek-Mor in support of its argument for a dismissal or stay are distinguished by the fact that the claims dismissed or stayed were identical to claims proceeding in foreign jurisdictions. *See Ensign-Bickford Co. v.*

---

[6] For example, Eisenmann's defamation claim against Tek-Mor is not necessarily dependent upon the existence of, or the performance under, a contract between Eisenmann and Tek-Mor.

-10-

*ICI Explosives USA Inc.*, 817 F. Supp. 1018 (D. Conn. 1993) (breach of contract claim dismissed in part because it was duplicative and because plaintiff initiated both actions); *Saemann v. Everest & Jennings, Int'l*, 343 F. Supp. 457 (N.D. Ill. 1972) (action stayed in part because same issues involved in both actions and foreign action was initiated years before domestic action). In this case, where different claims are involved in different fora and where in each case there are sufficient jurisdictional contacts, it is appropriate for each forum to proceed with the case before it.[7] *See Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 845 (N.D. Ill. 2000) (citing *Laker Airways Ltd. v. Sabena Belgian World Airlines*, 731 F.2d 909, 926 (D.C. Cir. 1984)). *See also Black & Decker Corp. v. Sanyei America Corp.*, 650 F. Supp. 406, 408 (N.D. Ill. 1986) (parallel proceedings should normally be allowed to continue because "[t]he mere filing of a suit in one forum does not cut off the pre-existing right of an independent forum to regulate matters subject to its prescriptive jurisdiction").

## Conclusion

For the reasons set forth above, Tek-Mor's motion to dismiss or stay based on pending foreign litigation is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

**DATED:** 2-4-04

---

[7] We found previously that this Court has personal jurisdiction over Tek-Mor. *See Eisenmann v. Tek-Mor*, No. 03 C4375 (Order dated September 24, 2003 at 5-7).